## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

THE FORUM FOR CONSTITUTIONAL
RIGHTS, GBC

      Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

U.S. CUSTOMS AND BORDER
PROTECTION,

and

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendants.

Civil Action No.:_____

**COMPLAINT**

## INTRODUCTION

1.      Plaintiff The Forum for Constitutional Rights, GBC ("FCR" or "Plaintiff") brings this action against the United States Department of Homeland Security ("DHS") and its component agencies United States Customs and Border Protection ("CBP") and United States Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et. seq*. ("FOIA").  Plaintiff is seeking the production of records improperly withheld by Defendants in response to requests properly made by Plaintiff, concerning records related to "Operation Metro Surge"—an immigration enforcement operation undertaken by Defendants in the State of Minnesota. Plaintiff alleges as follows:

1

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1402.

**PARTIES**

4.      Plaintiff is a general public benefit corporation organized under the laws of the State of Minnesota and has its principal place of business at 1539 Grand Avenue, Saint Paul, Minnesota 55105. Plaintiff undertakes a variety of activities related to government oversight and for the public benefit, including filing amicus briefs in cases involving constitutional rights, seeking government records, and publishing news regarding governmental activity.  Plaintiff releases government records to the public without charge through, among other avenues, a Substack page maintained at https://fcrreport.substack.com. Plaintiff's mission "is to facilitate public education about the individual rights guaranteed by the United States Constitution." *See* The Forum For Constitutional Rights, "Announcing the Forum For Constitutional Rights," *available at* https://forumforconstitutionalrights.com/ (last visited June 19, 2026).

5.      Defendants are agencies of the United States government headquartered in Washington, DC.

6.      Defendant DHS is headquartered at 2707 Martin Luther King Jr. Ave, SE, Washington, D.C. 20528.

7.      Defendant CBP is headquartered at 1300 Pennsylvania Ave., NW, Washington, D.C. 20229.

8.      Defendant ICE is headquartered at 500 12th St., SW, Washington, D.C. 20536.

9.      Defendants, including DHS component agencies CBP and ICE have possession, custody, and control of records to which Plaintiff seeks access.

10.     Each of the Defendants is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

## FACTS

### FCR's FOIA Request

11.     Beginning on or about December 2, 2025, Defendant DHS initiated Operation Metro Surge (the "Operation") in the State of Minnesota. *See* Alyssa Chen, MINNESOTA REFORMER, "A timeline of Operation Metro Surge," Feb. 20, 2026, 6:00 a.m., *available at* https://minnesotareformer.com/2026/02/20/a-chronology-of-operation-metro-surge/ (last visited June 19, 2026). Defendant components CPB and ICE materially participated in the Operation, providing strategy, personnel, and equipment necessary to undertake the Operation.

12.     Through the months of December and January, DHS and its components CPB and ICE deployed thousands of personnel to Minnesota, and conducted innumerable car stops, pedestrian stops, home and business searches, uses of force, and similar.  Defendants' actions occurred throughout the Twin Cities metropolitan area and elsewhere in Minnesota, and had a broad operational footprint.  As such, those actions were the subject of widespread media coverage, including news stories detailing tactical decisions, interactions with members of the public, and agency assertions about the scope of search-and-seizure authorities.

13.     Upon information and belief, personnel from DHS components CPB and ICE were involved in lethal use-of-force actions in which two United States citizens (Renee Nicole Good and Alex Pretti) were killed. Those actions received international media coverage.

14.     Actions undertaken by DHS, including its components CBP and ICE, were and are, the focus of substantial scrutiny by the citizens of the State of Minnesota.  For instance, on

3

March 25, 2026, the state's executive branch created a council to document the impact of the Operation on the State of Minnesota. *See* Executive Order 26-05, Minnesota Governor's Office, "Establishing a Council to Document the Impacts of Operation Metro Surge and Operation PARRIS on Minnesotans," March 25, 2026, *available at* https://mn.gov/governor/assets/Executive%20Order%2026-05_tcm1055-735580.pdf (last visited June 19, 2026).

15.     Consistent with its mission to oversee governmental conduct and to educate the public, Plaintiff has sought to obtain government records from state and federal government entities related to the Operation since January 9, 2026.

16.     For instance, Plaintiff has succeeded in obtaining records from the City of Minneapolis related to the circumstances surrounding the deaths of Renee Nicole Good and Alex Pretti.  Plaintiff has published portions of the records (including at fcrreport.substack.com) and has provided them to media outlets in Minnesota and beyond.

**The ICE FOIA Request**

17.     On January 19, 2026, Plaintiff submitted a FOIA request to DHS component ICE. *See* Exhibit A.

18.     Plaintiff's FOIA request was submitted to ICE via electronic mail on January 19, 2026, to the email address "email@uscis.gov," *see* Exhibit B, and by U.S. mail on January 21, 2026, *see* Exhibit C.

19.     After receiving an electronic mail rejection notice on January 19, 2026, Plaintiff resubmitted its FOIA request to ICE on January 26, 2026, via a secondary electronic mail address (ice-foia@ice.dhs.gov). *See* Exhibit D. Plaintiff also resubmitted its FOIA request to ICE via the Secure Release FOIA portal on January 26, 2026. *See* Exhibit E.

4

20.    Plaintiff successfully submitted its FOIA request to ICE through the Secure Release FOIA Portal on January 26, 2026, as evidenced by ICE assigning number 2026-ICFO-13691 to Plaintiff's FOIA request.  *See* Exhibit F.

21.    Through its FOIA request to ICE, Plaintiff sought the following records:

1.    Any and all records that document the "concept of operations" and/or mission plan for "Operation Metro Surge" and/or related immigration enforcement operations that were active in the State of Minnesota starting on or about December 4, 2025 (the "Operation");

2.    Any and all records that constitute training materials for the Operation, including but not limited to training materials related to use of force, search and seizure, and media relations;

3.    Any and all records that document rules of engagement and/or use of force to be used during the Operation;

4.    Any and all records that document modifications made to the rules of engagement and/or use of force during the Operation, including but not limited to modifications made in response to court orders;

5.    Any and all records that document rules governing the execution of warrants and/or searches and seizures, including door-to-door searches and vehicle stops;

6.    Any and all records that document staffing for the Operation, including volunteer recruitment and/or activation;

7.    Any and all records that document guidance, policies, or similar regarding the capture and/or recording of video and/or photographic material by government employees and/or volunteers participating in the Operation;

8.    Any and all records that document guidance, policies, or similar regarding the use of social media by government employees and/or volunteers participating in the Operation;

9.    Any and all correspondence created, transmitted, and/or received by John Condon, Acting Executive Director of U.S. Immigration and Customs Enforcement on January 6-19, 2026;

10.    Any and all correspondence created, transmitted, and/or received by

Gregory Bovino, Commander of the U.S. Border Patrol, on January 6-19, 2026;

11.    Any and all correspondence created, transmitted and/or received by Kristi Noem, Secretary of the U.S. Department of Homeland Security, on January 6-19, 2016;

12.    Any and all correspondence created, transmitted and/or received by Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement on January 6-19, 2026;

13.    Any and all correspondence created, transmitted and/or received by David Easterwood, Acting Director of the St. Paul Field Office of U.S. Immigration and Customs Enforcement on January 6-19, 2026;

14.    Any and all incident reports or similar records created between January 6-19, 2026 that document:

a)    the detention and/or arrest of individuals during the Operation;

b)    the use of force by federal personnel during the Operation;

c)    other encounters between federal personnel and individuals during the Operation.

*See* Exhibit A.

### The CBP FOIA Request

22.    On January 27, 2026, Plaintiff submitted a FOIA request to DHS component CBP. *See* Exhibit G.

23.    Plaintiff submitted the FOIA Request to CBP on January 27, 2026, via email ("cbpfoiapublicliaison@cbp.dhs.gov"), *see* Exhibit H, and via the Secure Release FOIA Portal, *see* Exhibit I.

24.    Plaintiff successfully submitted its FOIA request to CBP through the Secure Release FOIA Portal on January 27, 2026, as evidenced by CBP assigning number CBP-FO-2026-052379 to Plaintiff's FOIA request. *See* Exhibit J; *see also* Exhibits I, J.

6

25.     Through its FOIA request to CBP, Plaintiff sought the following records:

1.      Any and all records that document the "concept of operations" and/or mission plan for "Operation Metro Surge" and/or related immigration enforcement operations that were active in the State of Minnesota starting on or about December 4, 2025 (the "Operation");

2.      Any and all records that constitute training materials for the Operation, including but not limited to training materials related to use of force, search and seizure, and media relations;

3.      Any and all records that document rules of engagement and/or use of force to be used during the Operation;

4.      Any and all records that document modifications made to the rules of engagement and/or use of force during the Operation, including but not limited to modifications made in response to court orders;

5.      Any and all records that document rules governing the execution of warrants and/or searches and seizures, including door-to-door searches and vehicle stops;

6.      Any and all records that document staffing for the Operation, including volunteer recruitment and/or activation;

7.      Any and all records that document guidance, policies, or similar regarding the capture and/or recording of video and/or photographic material by government employees and/or volunteers participating in the Operation;

8.      Any and all records that document guidance, policies, or similar regarding the use of social media by government employees and/or volunteers participating in the Operation;

9.      Any and all correspondence created, transmitted and/or received by Gregory Bovino, Commander of the U.S. Border Patrol, between January 6-27, 2026, including but not limited to correspondence with Kristi Noem, Secretary of the U.S. Department of Homeland Security;

10.     Any and all body worn camera data captured by Customs and Border Protection Personnel involved in lethal force actions in Minneapolis on January 24, 2026;

11.     Any and all incident reports or similar records created between

7

January 6-27, 2026 that document:

a) the detention and/or arrest of individuals during the Operation;

b) the use of force by federal personnel during the Operation;

c) other encounters between federal personnel and individuals during the Operation.

*See* Exhibit G.

**Defendants Fail to Comply with FOIA**

26. FOIA generally requires an agency to "determine within 20 days . . . whether to comply" with a FOIA request, and to notify the requester of its determination, the reasons, and appeal rights within that same time period. *See* 5 U.S.C. § 552(a)(6)(A)(i).

27. After DHS component ICE received Plaintiff's FOIA request on January 26, 2026, more than twenty business days elapsed without ICE issuing a determination or producing records.

28. After DHS component CBP received Plaintiff's FOIA request on January 27, 2026, more than twenty business days elapsed without CBP issuing a determination or producing records.

29. On March 4, 2026, DHS component CBP sent an electronic mail message to Plaintiff confirming receipt of Plaintiff's FOIA request on January 27, 2026, and notifying Plaintiff of its intention to invoke a ten-day extension of FOIA's 20-day statutory response time due to "unusual circumstances" pursuant to 6 C.F.R. Part 5 § 5.5(c). *See* Exhibit K. CBP stated that it was seeking a ten-day extension since the subject matter of Plaintiff's request was "of substantial interest to two or more components of CBP or of substantial interest to another

8

agency" and required consultation "with those entities" before CBP could issue a final response. *See id.*

30.     After DHS component CBP invoked the ten-day extension to FOIA's 20-day statutory response time, more than ten business days elapsed without CBP issuing a determination or producing records.

31.     On May 7, 2026, Defendant component ICE sent an electronic mail message to Plaintiff confirming receipt of Plaintiff's FOIA request on January 26, 2026, and stating, "In conducting a search for responsive records, the ICE FOIA office has determined that further clarification is needed regarding your request." *See* Exhibit L. ICE sought "clari[t]y" on nearly all of Plaintiff's FOIA requests, with general statements like, "Please clarify and specify what you are referring to." *See id.*

32.     May 7, 2026, was more than thirty total business days after the receipt of Plaintiff's FOIA request by DHS component ICE.

33.     On May 9, 2026, Plaintiff filed an administrative appeal with DHS component CBP, stating that "both the twenty-day statutory response time and the ten-day extension for 'unusual circumstances' have elapsed, and no responsive records have been produced." *See* Exhibit M at 3. Plaintiff stated that, through the administrative appeal, it sought to "receive copies of records responsive to the categories outlined in" its FOIA request. *See id.* Plaintiff also offered "to discuss the [FOIA request] so as to narrow or clarify any particular category of records sought." *See id.*

34.     On May 15, 2026, Plaintiff responded to the May 7, 2026, correspondence from DHS component ICE asking for Plaintiff to clarify its FOIA request. *See* Exhibit N. Plaintiff sent

clarifying information in response to each of ICE's requests both via email, *see* Exhibit N, and via the Secure Release FOIA Portal, *see* Exhibit O.

35.     On June 2, 2026, the FOIA Appeals office of DHS component CBP responded to Plaintiff's administrative appeal via electronic mail. *See* Exhibit P. In its message, CBP FOIA Appeals stated, "In your appeal, you contend that the agency has failed to provide a timely response within the statutorily provided guidelines. We concur. . . . As CBP's FOIA Division has not responded to your FOIA request within th[e] statutory timeframe, we agree that the agency is delinquent in responding to your request." *See id.* CBP FOIA Appeals further wrote that, "we find that an administrative appeal is an inappropriate cure in this instance," since "a requester 'shall be deemed to have exhausted his administrative remedies with respect to such request if the agency failed to comply with the applicable time limit provisions 'of 5 U.S.C. § 552(a)(6)(C)(i)." *Id.* CBP FOIA Appeals also stated, "you may immediately challenge [CBP] FOIA Division's failure to respond to your request in district court." *Id.*

36.     On June 11, 2026, DHS component ICE sent an electronic mail message to Plaintiff, acknowledging receipt of Plaintiff's FOIA request on January 26, 2026, and invoking a ten-day extension of the twenty-day statutory response time. *See* Exhibit Q. ICE sent this message even though it had already contacted Plaintiff about clarifying the FOIA request on May 7, 2026, and even though Plaintiff had already responded to that request on May 15, 2026.

37.     On June 12, 2026, Plaintiff responded to the June 11, 2026, correspondence from DHS component ICE, writing that Plaintiff "previously received notification … of your agency's receipt of FCR's FOIA Request" and that ICE had asked about narrowing the FOIA request on May 7, 2026. *See* Exhibit R. Plaintiff attached a copy of its May 15, 2026 "narrowing" correspondence to its electronic mail response to ICE.

38.    In its June 12, 2026, response to DHS component ICE, Plaintiff also notified ICE that "more than thirty business days (including a ten-day extension) have elapsed since your agency's receipt of FCR's request." *See id.*

39.    From January 26, 2026, to June 23, 2026, approximately 103 business days (i.e., not counting weekends and public holidays) have elapsed without ICE issuing a determination or producing any records in response to Plaintiff's FOIA request.

40.    From January 27, 2026, to June 23, 2026, approximately 102 business days (i.e., not counting weekends and public holidays) have elapsed without CBP issuing a determination or producing any records in response to Plaintiff's FOIA request.

41.    Because Defendants have failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted its administrative remedies.

## FCR's Fee Waiver Request

42.    Plaintiff's FOIA request to ICE sought a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

43.    Plaintiff's FOIA request to CBP sought a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

44.    Through its FOIA requests, Plaintiff sought information that would aide the public's understanding of Defendants' roles in the Operation, which "has generated substantial public attention and inquiry in the State of Minnesota and across the United States." *See* Exhibits A and G.

45.    To the best of Plaintiff's knowledge, a decision on its fee waiver was still pending with DHS component ICE as of the date of Plaintiff's complaint.

46.     To the best of Plaintiff's knowledge, a decision on its fee waiver was still pending with DHS component CBP as of the date of Plaintiff's complaint.

## COUNT I

**Violation of FOIA—Failure to Make and Notify Plaintiff of a Timely Determination**

5 U.S.C. § 552(a)(6)(A)(i)

47.     Plaintiff realleges each of the above paragraphs as if fully stated herein.

48.     Plaintiff submitted a FOIA request to ICE that reasonably described the records sought and was made in accordance with ICE's published regulations. 5 U.S.C. § 552(a)(3)(A).

49.     ICE received Plaintiff's request on January 26, 2026.

50.     Plaintiff submitted a FOIA request to CBP that reasonably described the records sought and was made in accordance with CBP's published regulations. 5 U.S.C. § 552(a)(3)(A).

51.     CBP received Plaintiff's request on January 27, 2026.

52.     FOIA required ICE and CBP to each determine whether to comply with the request, and to notify Plaintiff of that determination and the reasons for it, within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i).

53.     As of the filing of this complaint, neither ICE nor CBP has made any determination on Plaintiff's request, and they have failed to notify Plaintiff of any determination, the scope of any responsive records, or any claimed exemptions.

54.     Because both ICE and CBP have failed to comply with the statutory time limit, Plaintiff is deemed to have exhausted any and all administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

55.     The failure of ICE and CBP (both components of DHS) to make a timely determination violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and Plaintiff is entitled to declaratory relief and to the relief set forth in the Prayer for Relief below.

## COUNT II

### Violation of FOIA—Wrongful Withholding / Failure to Produce Records

5 U.S.C. § 552(a)(3)(A), (a)(4)(B)

56.     Plaintiff realleges each of the above paragraphs as if fully stated herein.

57.     Upon receipt of a request that reasonably describes the records sought and is made in accordance with the agency's published regulations, FOIA requires an agency to conduct a search reasonably calculated to locate responsive records and to make any non-exempt responsive records "promptly available." 5 U.S.C. § 552(a)(3)(A).

58.     DHS and its component agencies ICE and CBP have failed to conduct an adequate search for records responsive to Plaintiff's request and have failed to produce responsive records to Plaintiff.

59.     By failing to conduct an adequate search and to promptly produce the requested records, DHS and its component agencies ICE and CBP are improperly withholding agency records from Plaintiff in violation of FOIA. 5 U.S.C. §§ 552(a)(3)(A), (a)(4)(B).

60.     Plaintiff is entitled to injunctive relief ordering DHS and its component agencies ICE and CBP to conduct a search reasonably calculated to locate all responsive records and to produce all non-exempt responsive records, and to the relief set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.      Declare that the records requested by Plaintiff in its FOIA requests are public under 5 U.S.C. § 552 and must be disclosed or, in the alternative, conduct an *in camera* review to determine whether any parts of the requested records are properly public under FOIA;

2.      Enjoin Defendants from continuing to withhold non-exempt records responsive to Plaintiff's FOIA requests;

3.      Order Defendants to grant Plaintiff's requests for a fee waiver or, in the alternative, to produce the records responsive to Plaintiff's FOIA requests at a reduced rate;

4.      Award Plaintiff its costs for this proceedings, including reasonable legal fees, as expressly permitted by FOIA; and

5.      Grant Plaintiff such other relief as the Court deems just and proper.

Date: June 23, 2026                         ___/s/ Zain Shirazi_____

                                          Zain Shirazi
                                          MN Atty #: 0506031

**ZAIN SHIRAZI LAW PLLC**
1 West Water St., Suite 275
Saint Paul, MN 55105
(651) 217-1999
zain@zainshirazilaw.com

*Attorney for Plaintiff The Forum for*
*Constitutional Rights, GBC*